UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY L. STURGEON, | CASE NO. C12-700-MJP-BAT |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

THIS MATTER comes before the Court on Plaintiff's Objections to Magistrate Judge Tsuchida's Report and Recommendation ("R&R") recommending the Court affirm the Commissioner's final decision Plaintiff was not disabled. Having reviewed the R&R (Dkt. No. 22), Plaintiff's Objections (Dkt. No. 23), Defendant's response (Dkt. No. 24), and the remaining record, the Court ADOPTS the R&R, AFFIRMS the Commissioner's decision, and DISMISSES the case with prejudice.

<pre>
</pre>

**Background**

Plaintiff Larry Leon Sturgeon is 51 years old and has a high school degree. (AR 50, 177.) He has worked in the construction industry as concrete gunner and structural gunite worker. (AR 212.) In 2008, Plaintiff applied for Social Security benefits, claiming he was disabled since February 28, 2004. (AR 177.) On September 9, 2010, the ALJ issued a decision finding Plaintiff was not disabled. (AR 20.) The ALJ found Plaintiff had severe impairment in his knee, major depressive disorder, personality disorder not otherwise specified, generalized anxiety disorder, and polysubstance dependence. (AR 26.) The ALJ found the impairments did not meet or equal the minimum requirement for benefits because Plaintiff could perform light work with some limitations. (AR 27-37.) The Appeals Council denied Plaintiff's request for review on March 7, 2010, which made the ALJ's decision final. (AR 1-5.) Magistrate Judge Tsuchida issued an R&R recommending the Court affirm the ALJ's decision on February 8, 2013. (Dkt. No. 22.)

Plaintiff has three objections to the R&R. First, Plaintiff objects to the ALJ's consideration of Plaintiff's drug and alcohol abuse in his finding Plaintiff was disabled. (Dkt. No. 23 at 1.) Plaintiff asserts that under Bustamante v. Massanari, 262 F.3d 949, 955 (9th Cir. 2001), an ALJ must make an analysis of a claimant's disability without considering drug or alcohol abuse. (Dkt. No. 23 at 2.) Plaintiff argues the ALJ failed to complete this step and found disability without first separating out his drug and alcohol abuse from the analysis. (Id.)

Second, Plaintiff objects to the ALJ's discounting of the opinions of three examining psychologists, Dr. Don Schimmel, Dr. Steven Johansen, and Dr. Dana Harmon, in his finding Plaintiff was not disabled. (Id. at 2.) The ALJ discounted the opinions because all three doctors had limited knowledge of Plaintiff's drug and alcohol abuse, and Dr. Schimmel and Dr. Johansen's opinions were based largely on subjective reporting by Plaintiff. (Id. at 3, 5.)

Finally, Plaintiff objects to the ALJ's failure to develop the record to resolve any ambiguity found in Dr. Harmon's reports. (Id. at 6.) Dr. Harmon used equivocal statements in his report because he was unsure of the extent of Plaintiff's drug and alcohol abuse. (AR 544.) Dr. Harmon stated Plaintiff was "likely to be psychiatrically disabled for at least the next two to three years."(Id.) Because he was unsure how much drugs and alcohol played a role in his mental function, Dr. Harmon suggested additional records or a comprehensive drug and alcohol evaluation to clarify his opinion. (Id.) In addition, without an additional examination or an explanation, Dr. Harmon changed his recommendation regarding whether Plaintiff's condition met the requirements for benefits to a positive recommendation three months after his examination. (AR 543, 561.)

## Discussion

A.  Role of Drug and Alcohol Abuse

Plaintiff asserts the ALJ did not properly analyze whether Plaintiff was disabled under the five-step analysis process set forth by the Social Security Administration (SSA). (Dkt. No. 36 at 2.) Specifically, Plaintiff asserts the ALJ did not analyze whether Plaintiff was disabled without first separating out the effects of drug and alcohol abuse. (Id.) Plaintiff argues the ALJ based his rejection of Plaintiff's disability claim on Plaintiff's drug and alcohol abuse, in contravention of SSA regulations and case law. (Id.)

SSA regulations require an ALJ to perform a five-step evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520; Bustamante, 262 F.3d at 955. A finding of disability under this five-step analysis does not automatically qualify a claimant for benefits. Id. at 954. If drug or alcohol abuse contributes to the claimant's disability, the claimant will not be considered disabled for benefit purposes, unless the ALJ finds the claimant would have been disabled even

if drug or alcohol abuse was not a factor. Id. When drug and/or alcohol abuse is present, the ALJ must first do the five-step analysis without considering the effects of the abuse. Id. at 955. If the ALJ finds a claimant is disabled and has medical evidence of drug or alcohol abuse, the ALJ must then determine whether the abuse is "a contributing factor material to the determination of disability." Id.; 20 C.F.R. § 404.1535(a).

In his Objections, Plaintiff asserts the ALJ failed to evaluate whether he was disabled independent of his history of drug and alcohol abuse. (Dkt. No. 36 at 2.) Plaintiff's objection mischaracterizes the holding in Bustamante. 262 F.3d at 949. An ALJ is not required to conduct a second evaluation if, looking at the case without separating out the drug or alcohol abuse, he finds in the first analysis the claimant is not disabled. Id. at 954 (citing Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001)).

Unlike in Bustamante, the ALJ in this case did not find Plaintiff's mental function to be limited because of substance abuse in the first analysis. Id. at 955. In this case, the ALJ considered Plaintiff's psychological evaluations and medical records, and determined Plaintiff was not disabled. (AR 36.) Because the ALJ established Plaintiff was not disabled, an additional evaluation under 20 C.F.R. § 404.1535 to determine whether drug or alcohol abuse was a contributing factor to the disability was unnecessary. Bustamante, 262 F.3d at 954. In this case, the ALJ did not use information about Plaintiff's drug and alcohol abuse to determine whether he was disabled, but as a factor to determine the credibility of the examining psychologists who were unaware of Plaintiff's drug and alcohol abuse. This is expressly permitted under Bustamante. Id.

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4

B. Finding of Disability

Plaintiff argues the ALJ did not give appropriate weight to the medial opinions of three examining psychologists, Dr. Schimmel, Dr. Johansen, and Dr. Harmon, because they had limited information regarding Plaintiff's drug use. (Dkt. No. 36 at 2.) Plaintiff asserts these rejections are evidence the ALC found that "Plaintiff's DAA was material in the outcome of the psychological testing." (Id. at 3.)

When the opinion of an examining doctor is markedly different from the ALJ findings, the ALJ must provide "detailed, reasoned, and legitimate rationales" for the discrepancy. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Although the ALJ "is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, . . . he cannot reject them without presenting clear and convincing reasons for doing so." Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993). The ALJ should do more than offer conclusions, but must explain why this interpretation, rather than the examining doctor's, is correct. Embrey, 849 F.2d at 421-22. The ALJ can meet this burden by providing a detailed summary of the facts and conflicting evidence in the record. Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).

In this case, the ALJ did not discount the doctors' opinions because of Plaintiff's drug and alcohol abuse. The ALJ discounted the opinions because the doctors' lack of knowledge about Plaintiff's drug and alcohol abuse indicated the doctors had limited knowledge of Plaintiff's medical and mental health background.

1. Dr. Schimmel

In May 2008, Dr. Schimmel diagnosed Plaintiff with major depressive disorder and anxiety disorder. (AR 311.) While Dr. Schimmel also indicated no evidence of drug or alcohol

abuse, he noted substance abuse may "potentially" exacerbate his other symptoms. (AR 312.) Plaintiff informed Dr. Schimmel he "rarely drinks" and did not mention drug use at all. (Id.)

In his report, the ALJ explained the record contradicts much of the subjective information on which Dr. Schimmel relied. (Id.) When evaluating how much weight to give to a particular medical opinion, SSA regulations provide the ALJ will consider factors such as "the extent to which an acceptable medical source is familiar with other information in your case record." 20 C.F.R. § 404.1535(c)(6). In his decision, the ALJ noted that two positive tests for methamphetamine in April and July 2008 contradict Plaintiff's denial of drug or alcohol abuse. (AR 34.) The ALJ concluded that this information "undercuts the reliability of [Dr. Schimmel's] opinion." (Id.) The ALJ concluded Dr. Schimmel relied heavily on the subjective reporting of symptoms by Plaintiff. (Id.) The ALJ concluded Dr. Schimmel lacked enough information about Plaintiff's mental function to give full weight to Dr. Schimmel's opinion. (AR 34.) The ALJ offered these "detailed, reasoned, and legitimate" reasons, relying on the record as a whole, for discounting Dr. Schimmel's opinion. Embrey, 849 F.2d at 422.

1. Dr. Johansen

Likewise, the ALJ believed Dr. Johansen did not have a complete picture of Plaintiff's impairment to provide an adequate diagnosis. Following a February 2009 examination, Dr. Johansen diagnosed Plaintiff with major depression, recurrent with severe psychosis, and generalized anxiety disorder. (AR 438.) Dr. Johansen's report indicated no drug or alcohol abuse by Plaintiff. (Id.) During the examination, Plaintiff denied any substance abuse problems or participation in chemical dependency programs. (AR 441.) He also stated he ceased drinking at age 44. (Id.)

1  The record contradicts the information Plaintiff provided Dr. Johansen. The record shows
2  Plaintiff participated in, but did not successfully complete, a chemical dependency program
3  through Evergreen Manor, and tested positive for methamphetamine on multiple occasions. (AR
4  375, 502.) While the record does not indicate Dr. Johansen was aware of this information, it
5  contradicts Dr. Johansen's conclusion that Plaintiff does not abuse drugs or alcohol. The ALJ
6  correctly discounted Dr. Johansen's opinion because it was based on largely subjective
7  information contradicted by the record.

    2. <u>Dr. Harmon</u>

Dr. Harmon evaluated Plaintiff twice, but he never received a comprehensive picture of Plaintiff's drug and alcohol use. At the first examination, in September 2009, Plaintiff denied use of alcohol or non-prescribed drugs. (AR 594.) Dr. Harmon indicated no presence of drug or alcohol dependence or mental symptoms impacted by dependency. (<u>Id.</u>) At the second examination, in May 2010, Dr. Harmon indicated Plaintiff's record contradicts most of what Plaintiff reported. (AR 541.) At this second examination, Plaintiff again "firmly denied" any drug or alcohol use. (AR 542.) Dr. Harmon stated benefits should be contingent on participation in treatment. (AR 544.) He also indicated he was unclear about what role drug or alcohol abuse played in Plaintiff's mental function. (<u>Id.</u>)

The ALJ discounted Dr. Harmon's opinions for three primary reasons. First, the ALJ believed Dr. Harmon had doubts about Plaintiff's honesty regarding the severity of his symptoms, as well as his drug and alcohol use. (AR 34.) In his opinion, the ALJ stated "the claimant's not being forthright during the mental health evaluation calls into question Dr. Harmon's opinions." (<u>Id.</u>)  Second, Dr. Harmon used equivocal statements in his reports, which the ALJ interpreted to be a sign of doubt regarding the severity of Plaintiff's symptoms. (<u>Id.</u>) For

example, Dr. Harmon reported he was unsure what role drug or alcohol abuse played in his mental function. (AR 544.) Finally, Dr. Harmon stated in his May 2010 evaluation the claimant "may meet SSA criteria for listing 12.04," but in July 2010, he stated Plaintiff did meet them. (AR 543, 561.) The ALJ did not strongly value this opinion because Dr. Harmon's July 2010 report did not offer an explanation for the change, nor did Dr. Harmon re-examine Plaintiff. (AR 35.)

C. Duty to Develop the Record

Plaintiff argues the ALJ failed in his duty to develop the record in light of ambiguity in Dr. Harmon's reports. (Dkt. No. 23 at 2.) Dr. Harmon used numerous equivocal statements, such as Plaintiff "may meet SSA criteria" and Plaintiff is "likely" disabled. (AR 544.) Plaintiff argues the equivocal statements show ambiguity, and the ALJ was required to further develop the record to correct any ambiguity. (Dkt. No. 23 at 2.)

An ALJ has a duty to "fully and fairly develop the record" to assure the interests of the claimant are heard. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). This is especially true in the presence of ambiguity. Id. While an ALJ may not ignore equivocal statements, an ALJ is free to consider them in light of the record. Id. Dr. Harmon noted in his May 2010 report additional records or a comprehensive drug and alcohol evaluation "would be very helpful" to clarify the issue. (AR 544.) In his decision making, the ALJ recognized Dr. Harmon's doubts, but he concluded to discount his opinion. Where one rational interpretation can be found, the Court should uphold the ALJ's conclusion. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). In this case, the ALJ believed Dr. Harmon's opinion was inconclusive and chose to discount it, which is a rational interpretation based on the record.

The ALJ admits the record was incomplete, but this is not a fatal flaw. In his decision, the ALJ states: "there is no explanation in this PRT or medical source statement at exhibit 25F regarding Dr. Harmon's opinion just five months earlier where he did not conclude the claimant met a listing and where Dr. Harmon used ambiguous statements to qualify his opinions." (AR 35.) The ALJ discounts these findings based on the fact they "appear" to result from an attorney referral. (Id.) This was improper. Records should not be discounted based on the reason for which they were obtained, including for litigation. Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995). However, when faced with conflicting medical opinions, an ALJ does not need to accept "brief, conclusory, and inadequately supported" findings. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). It was reasonable for the ALJ to discredit a change in recommendation without the doctor's explanation or further examination of Plaintiff.

## Conclusion

The ALJ properly evaluated the record to determine Plaintiff was not disabled. The record supports the Commissioner's decision. The Court ADOPTS the R&R, AFFIRMS the Commissioner's decision, and DISMISSES the case with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 3rd day of May, 2013.

Marsha J. Pechman
United States District Judge